# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

D&J INVESTMENTS OF CENLA,
LLC, ET AL.

VERSUS

BAKER-HUGHES, A GE COMPANY,
BAKER HUGHES ENERGY SERVICES
LLC, DRESSER, INC., DRESSER
RE, LLC, GE OIL & GAS, LLC,
GHD SERVICES, INC.,
HALLIBURTON ENERGY SERVICES,
INC., STANTEC CONSULTING
SERVICES, INC., AND STATE OF
LOUISIANA THROUGH THE
DEPARTMENT OF ENVIRONMENTAL
QUALITY

NO.  2024 CW 0879

**SEPTEMBER 25, 2024**

---

In Re:  Louisiana Department of Environmental Quality, applying
for supervisory writs, 19th Judicial District Court,
Parish of East Baton Rouge, No. 730821.

---

BEFORE:  **WOLFE, MILLER, AND GREENE, JJ.**

   **WRIT GRANTED.** The trial court's September 4, 2024 judgment, which vacated the portion of the appeal order dated July 30, 2024 that had suspended the judgment signed on July 25, 2024, is reversed. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal. See La. Code Civ. P. art. 2088(A). The suspensive appeal order was granted on July 30, 2024 without the necessity of posting bond or other security. The suspensive appeal seeks review of the trial court's judgment signed on July 25, 2024. Accordingly, the trial court had no jurisdiction to vacate its suspensive appeal order as to that ruling. Given this ruling, a stay by this court is unnecessary.

**EW**
**HG**

   **Miller, J.,** concurs. Once the trial court's jurisdiction is divested, pursuant to La. Code Civ. P. art. 2088(A), only an appellate court has authority to determine whether a suspensive appeal should be converted to a devolutive appeal.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT